FIRST INTERSTATE BANK OF FORT COLLINS, N.A., et al., Plaintiffs,

v.

PIPER AIRCRAFT CORPORATION, et al., Defendants.

No. 84–C–1094.

United States District Court, D. Colorado.

Sept. 11, 1989.

Ralph Harden, Richard Stillwell, Fort Collins, Colo., for plaintiffs.

Mary A. Wells, Edward Godin and Elisabeth A. Shumaker, Denver, Colo., for Piper, Bangor Punta and Lear Siegler.

E. Glenn Parr, Vero Beach, Fla., for Piper Aircraft.

MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

On June 2, 1978, Dr. Benjamin G. Cobb of Fort Collins, Colorado, was killed when

the Piper Cheyenne PA 31T airplane he was piloting crashed near Lamar, Colorado. Also killed in the crash were Dr. Cobb's wife and two daughters. In this diversity action, Dr. Cobb's two surviving children, Linnea S. Hess and John David Cobb, have asserted wrongful death claims, and the plaintiff, First Interstate Bank of Fort Collins, has filed a survival claim. One daughter, Linnea S. Hess, also has asserted an outrageous conduct claim for which she seeks exemplary and punitive damages. Defendants are Piper Aircraft Corporation, Bangor–Punta Corporation and Lear Siegler, Inc., all of whom were in some way responsible for the design and manufacture of the Cheyenne airplane.

Defendants have filed a motion for partial summary judgment as to the plaintiff Linnea S. Hess's outrageous conduct claim. She has responded by opposing the motion.

The parties have fully briefed the issues and oral argument would not assist my decision. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332.

In their motion, the defendants contend that in Colorado, an outrageous conduct claim cannot be maintained by a plaintiff who was neither a direct victim of the alleged outrageous conduct nor a witness to that conduct. Plaintiff Hess has alleged that she witnessed the fatal plane crash. Defendants assert that according to documents obtained through discovery, the plaintiff was present at the airport when the accident occurred but she did not actually see the crash.

In opposing the defendants' motion, the plaintiff argues that the identical issue now raised was previously decided adversely to the defendants by Judge John L. Kane, Jr. of this court. In an order dated May 6, 1985, Judge Kane denied the defendants' motion to dismiss the plaintiff Hess's outrageous conduct claim because she had alleged that she witnessed the crash and was emotionally injured as a result. On May 16, 1985, Judge Kane denied the defendants' motion for reconsideration of his order.

In their reply brief, the defendants argue that recent Colorado cases urge a different result. According to the defendants, under Colorado law, a family member may not assert an outrageous conduct claim unless he or she was present when the conduct occurred, whether or not the alleged conduct resulted in bodily injury.

In support of their argument, the defendants cite *Bradshaw v. Nicolay*, 765 P.2d 630 (Colo.App.1988). There Jeff Bradshaw, a nineteen year old student at the University of Colorado in Boulder, Colorado, was injured in a diving accident. He was admitted to the Boulder Community Hospital, treated and released after three days. Four days later, Jeff had a convulsive seizure and again was taken to the same hospital. He was not readmitted, however, but was treated for a muscle cramp. Two hours later, friends took Jeff back to the hospital where he was placed in intensive care. He died soon thereafter, and an autopsy revealed that the cause of death was a ruptured aorta caused by the diving accident.

Plaintiffs James T. and Ursula Bradshaw, Jeff's parents, sued the hospital and certain of their son's treating physicians. The Colorado Court of Appeals dismissed the parents' outrageous conduct claim on the ground that the alleged wrongful conduct was not directed at them, and they had not been present when that conduct occurred.

In the instant product liability case, the gist of the plaintiffs' complaint is that the defendants, knowing that the plane was defective in its design and manufacture, not only failed to warn of the defect but also concealed the defect. Defendants contend that these allegations are the basis of the plaintiff Hess's outrageous conduct claim. Since the plaintiff Hess did not participate in the airplane's purchase and was not involved in its operation or maintenance, the defendants argue that her outrageous conduct claim must fail.

I disagree. In *Beikmann v. International Playtex, Inc.*, 658 F.Supp. 255 (D.Colo.1987), the decedent, Barbara D. Beikmann died at the age of thirty-eight, allegedly from using Playtex Tampons. Her husband and minor son sued International Playtex, Inc. asserting claims for, *inter alia*, wrongful death and outrageous con-

duct. I permitted the plaintiffs' claims to proceed and refused to strike their prayer for exemplary or punitive damages for outrageous conduct.

Defendants' argument that the plaintiff Hess must have been involved in some way with the purchase, operation or maintenance of the allegedly defective Piper Cheyenne is specious at best. Moreover, the Colorado Court of Appeals decision in *Bradshaw v. Nicolay, supra,* does not support the defendants' argument since the facts there do not establish that the Bradshaws were present during their son's confinement or treatment.

It is undisputed that the plaintiff Hess was present at the Lamar airport when the crash occurred. In her statement to the National Transportation Safety Board dated October 4, 1978, she described the accident as follows:

"... I ran back around the fence and stood and watched. The left engine started again. Then they began to taxi very slowly to the runway. They passed out of our view behind some other planes. My boyfriend turned and went to his car and it wouldn't start. It was cold so I sat in mine up at the fence. When his car wasn't starting I was distracted and went back to him. I was talking to him when I heard and [an] explosion and saw the sky light up. So many people were there, they all started running from their cars to the building. I asked a lady if that was the plane that just took off and she said it was. I put my head down on the roof of my car and cried...."

Since the plaintiff Hess was present when the crash occurred, fatally injuring four members of her family, I conclude that, under Colorado law, she may proceed on her outrageous conduct claim.

Accordingly, IT IS ORDERED that the defendants' motion for partial summary judgment on the plaintiff Hess's outrageous conduct claim is denied.